# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6552 | **DATE** | 11/17/2004 |
| **CASE TITLE** | Larry Wert vs. Clear Channel Communications | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, as stated earlier, Clear Channel's Rule 12(b)(6) is denied. (3-1) It is ordered to answer Wert's Complaint on or before November 29, 2004, and a date and time for an ensuing status hearing will be set at the presently-scheduled November 18, 2004 status hearing.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **NOV 19 2004** date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | rbf docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/17/2004 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY WERT,                       )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   No. 04 C 6552
                                  )
CLEAR CHANNEL COMMUNICATIONS, INC.,)
                                  )
            Defendant.            )

MEMORANDUM OPINION AND ORDER

Larry Wert ("Wert") originally sued Clear Channel Communications, Inc. ("Clear Channel") in the Circuit Court of Cook County, challenging Clear Channel's refusal to allow Wert to exercise stock options originally granted back in 1994 and 1996 by Evergreen Media Corporation ("Evergreen," a corporate predecessor to Clear Channel). Clear Channel timely removed the action to this District Court on diversity of citizenship grounds and then, less than a week later, moved under Fed. R. Civ. P. ("Rule") 12(b)(6) to dismiss Wert's Complaint and this action with prejudice.

Wert's tale is straightforward. Indeed, quite apart from the fact that his Complaint allegations must be credited as true for Rule 12(b)(6) purposes, it really appears that the following narrative is undisputed by Clear Channel (though this opinion does not of course reflect actual findings of fact on that score).

In 1997 Evergreen (which had previously granted Wert options

for an aggregate 8,000 shares of its Class A common stock) merged with Chancellor Broadcasting Corporation to form Chancellor Media Corporation ("Chancellor," which like Evergreen was a Delaware corporation). In early November of that year, in conjunction with the merger, Wert became Chancellor's Senior Vice-President.

Within a month or two thereafter NBC approached Wert and asked him to consider becoming President and General Manager of its Chicago outlet, WMAQ-TV. When Wert spoke with Chancellor's Chief Operating Officer James de Castro ("de Castro") about that opportunity, de Castro viewed that as a favorable development for Chancellor, which was interested in maintaining relationships with WMAQ-TV. Accordingly de Castro not only recommended that Wert accept the WMAQ-TV job but also approved Wert's contemporaneous request that Chancellor waive the requirement of the stock option plan that the stock options had to be exercised within three months after Wert left Chancellor's employment.

In 2000 Clear Channel, which unlike Evergreen and Chancellor had enjoyed no relationship with Wert, acquired AMFM, Inc. (by that time that had become Chancellor's corporate name). And by 2002 Wert's original Evergreen stock options had become transmuted into options for 24,000 shares of Clear Channel stock. When Wert sought to exercise all of those options in July 2002, Clear Channel refused, based on the assertion that de Castro had lacked authority to waive the 90-day requirement on

Chancellor's behalf, both under the terms of the stock option plan and under the Delaware General Corporation Law, Del. Code Ann. tit. 8, §157 ("Section 157").

This lawsuit tests the propriety of that refusal. Both sides, ably represented by experienced practitioners in business litigation, have tendered authorities that counsel believe support their respective positions. Wert has the better of it, and Clear Channel's Rule 12(b)(6) motion is denied.

No Delaware case at the highest appellate level has addressed the question now before this Court. But a Delaware Chancery opinion (Collins v. Am. Int'l Group, Inc., No. CIV. A. 14365, 1998 WL 227889 (Del. Ch. Apr. 29)) and an opinion from the Court of Appeals from the First Circuit (Ostler v. Codman Research Group, Inc., 241 F.3d 91 (1st Cir. 2001), applying Delaware law) provide guidance pointing strongly in Wert's direction. Both cases provide the necessary input for the Erie-required prediction as to how the Delaware Supreme Court would resolve the issue.

In Collins, as here, the plan's 90-day limit on the exercise of options had not been strictly enforced in the past (in this case Wert had earlier exercised other stock options more than 90 days after having left his employment with Chancellor, and such exercise had been honored without objection). In Collins, unlike this case (but reflecting a difference that actually favors

3

rather than disfavors Wert's claim), the Chancellor found that no consideration had supported corporate management's promise to the employee that had permitted the exercise of options outside of the 90-day post-termination period (in this case, as already stated, consideration for de Castro's promise was clearly provided by the fact that Chancellor--through de Castro--actually favored Wert's move to WMAQ-TV as a positive step in Chancellor's own corporate interest). But despite his having found an absence of consideration, the Chancellor in Collins held that promissory estoppel operated to allow the late exercise of the option in that case (an analysis that applies a fortiori here).

As for Ostler, the opinion written by Circuit Judge (now Chief Judge) Michael Boudin[1] rejected the contention[2] that Section 157 required Board of Directors' approval not only for such fundamental matters as the creation of options but also for a promise such as that made to Wert by de Castro on Chancellor's behalf in this case. Ostler addressed, and relied in material part upon, the Collins opinion, stating in relevant part (241 F.3d at 94):

---

[1] Judge Boudin is an extraordinarily thoughtful jurist, one with whom this Court has had the privilege to share the bench, sitting by designation with the First Circuit.

[2] In an odd twist, there the argument was advanced by the individual optionee rather than, as is most often the case, by the corporate grantor of the option.

4

Several Delaware cases have read section 157 to require board approval for fundamental actions such as the creation of options, Sai Man Jai, Ltd. v. Personal Computer Card Corp., Civ. A. No. 11579, 1991 WL 110458, at *2 (Del. Ch. June 18, 1991); a substantial reduction in the exercise price, Liberis v. Europa Cruises Corp., Civ. A. No. 13103, 1996 WL 73567, at *7-*8 (Del. Ch. Feb. 8, 1996); or swapping new options for old ones, Michelson v. Duncan, 407 A.2d 211, 224 (Del. 1979).[3] On the other hand, a Delaware court recently held that a company was bound by an executive's promise to an employee contemplating early retirement that he could exercise his stock options anytime during the pertinent plan's ten-year term, notwithstanding a special ninety-day deadline from date of termination for early retirees. See Collins v. American Int'l Group, Inc., Civ. A. No. 14365, 1998 WL 227889, at *6 (Del. Ch. Apr. 29, 1998).

Collins may suggest that a minor extension of an option exercise deadline by management is permitted under Delaware law, but it is hardly conclusive. One might think that most boards would expect management to make minor adjustments to cope with last-minute emergencies, see 2 Fletcher, Fletcher Cyclopedia of the Law of Private Corporations §443 (perm. ed., rev. vol. 1998). Still, corporate law remains fairly fussy about the actual authority of officers when their actions affect stock options. Cf. Michelson, 407 A.2d at 223-24.

However, courts have commonly used apparent authority and estoppel doctrine to protect those who have relied on corporate officials later found to have lacked actual authority. See 2 Fletcher, supra, §§437, 449. Although in most cases estoppel is invoked against the company, see id. §437.100, there is no obvious reason why the doctrine should not work both ways, cf. 7A Fletcher, supra, §3409. It would be ironic if rules limiting the authority of corporate officers--rules designed to protect the company and its shareholders--

---

[3] [Footnote by this Court] Clear Channel's strongest potential for success, its argument that Section 157 renders a waiver of the 90-day requirement of the type involved here ultra vires and void as a matter of law, does not at all represent a required reading of the statute. If that had been the case, Collins could not have reached the result that it did.

could be overridden by estoppel doctrine only where this disadvantaged the company. Here, we think that estoppel doctrine is a ground for affirmance.

And having said that, <u>Ostler</u> upheld a jury determination, based on estoppel principles, as to the enforceability of a waiver of the 90-day exercise requirement--and it so held under circumstances not as favorable to such enforceability as those present here.

Accordingly, as stated earlier, Clear Channel's Rule 12(b)(6) motion is denied. It is ordered to answer Wert's Complaint on or before November 29, 2004, and a date and time for an ensuing status hearing will be set at the presently-scheduled November 18, 2004 status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 17, 2004

6